(October 13, 2016)

■ BENEDICT O. EMENGO, Appellant, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [40 NYS3d 30]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about October 9, 2015, which granted defendants' motion to dismiss the second amended complaint, unanimously modified, on the law, to deny the motion as to the first, second and sixth causes of action, and otherwise affirmed, without costs.

Plaintiff's allegations are that he is a black man of Nigerian national origin; was well-qualified for the positions of Deputy Director and Director of the Division of Confidential Investigation (DCI) at defendant New York State Insurance Fund (NYSIF); and that he was refused promotion to these positions, meet the first three elements of his claims for invidious

discrimination under the New York State Human Rights Law (State HRL) (*see Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]). Plaintiff also sufficiently alleges the fourth element of his discrimination claim, namely that he was adversely treated because of his race and national origin. Plaintiff states that defendant Mullen, Director of Administration at DCI, told plaintiff that he was an "immigrant" who "should be content" with his current job title, "since, as an immigrant, he would never be promoted beyond" his current title. Plaintiff also claims that defendant Lefkowitz, Director of Personnel at DCI, was previously found to have discriminated against black NYSIF employees. These allegations constitute sufficient evidence of discriminatory animus. Plaintiff also sufficiently alleges that each individual defendant was an "employer" for purposes of his claims, broadly asserting that each individual defendant was a high-ranking manager with, at least inferentially, supervisory powers, including the power to promote, discipline and terminate employees.

Plaintiff further alleges that there was a long-standing policy of refusing to promote black NYSIF employees above the title of Supervising Insurance Field Investigator, that all of the individual defendants were at least aware of this policy, that all of the individual defendants were aware that plaintiff was being refused promotions in accordance with this policy, and that none of the defendants took any action in response to this conduct. Accordingly, plaintiff has adequately pleaded employer liability, as to all of the individual defendants, under a condonation theory (*see* Executive Law § 296 [1] [a]; *Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *Patrowich v Chemical Bank*, 63 NY2d 541 [1984]).

Plaintiff has also stated a cause of action under the State HRL for retaliation (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]). Plaintiff claims that on November 14, 2012, he engaged in a protected activity by complaining to NYSIF's Chief Executive Deputy Director that defendants had discriminated against him by failing to promote him. Plaintiff's allegation that, on December 5, 2012, Mullen told him that he would not be receiving any merit pay for 2011 is temporally close to the protected activity and supports an inference of retaliation, as well as establishing the requisite adverse employment action (*see Blashka v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr.*, 126 AD3d 503 [1st Dept 2015]; *Treglia v Town of Manlius*, 313 F3d 713, 720

[2d Cir 2002]). In the current procedural posture of a motion to dismiss, any tension between plaintiff's allegation that Mullen denied him merit pay in retaliation for his protected activity, and his allegation elsewhere in the complaint that he was denied merit pay for discriminatory reasons, is not fatal to either claim.

In light of defendants' agreement that plaintiff's claims against the State of New York and NYSIF "rise or fall with his claims against the six individual defendants," plaintiff's claims against the State and NYSIF under the State HRL, including his causes of action for aiding and abetting discrimination, should likewise be reinstated.

Although plaintiff asks us to reinstate his claims under the New York City Human Rights Law (the City HRL) (the third, fourth and fifth causes of action), his appellate briefs fail to address Supreme Court's holding that dismissal of the City HRL claims was required on the independent ground of sovereign immunity, whether or not the complaint otherwise stated legally sufficient claims for relief under the City HRL. By failing to address this aspect of the decision under review, plaintiff has abandoned his appeal from the dismissal of the City HRL claims. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.