■ M.A. ANGELIADES, INC., Respondent, v HILL INTERNATIONAL, INC., Appellant, et al., Defendants. [52 NYS3d 634]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 29, 2016, which granted plaintiff's motion to amend the complaint, unanimously affirmed, without costs.

The motion court properly exercised its discretion in allowing plaintiff to amend the complaint, because the facts underlying the amendment were made known to defendant when the original complaint was filed and the amendment seeks only to add a new theory of liability based on those facts (*see Estrella v New York City Tr. Auth.*, 6 AD3d 305, 306 [1st Dept 2004]). Although defendant had the burden to establish prejudice, it submitted no evidence suggesting that it would be hindered in the preparation of its case or prevented from taking measures to support its position, and examinations before trial have not yet been held (*see Aldrich v Northern Leasing Sys., Inc.*, 127 AD3d 543 [1st Dept 2015]; *Carey v Schwab*, 122 AD3d 1142 [3d Dept 2014], *lv dismissed* 25 NY3d 1062 [2015]; *Leslie v Hymes*, 60 AD2d 564 [1st Dept 1977]).

Contrary to defendant's contention, plaintiff has set forth sufficient evidence to establish that the proposed amendment seeking to add a cause of action for lien law trust fund diversion together with a request for punitive damages is not specious (*see Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363, 366 [1st Dept 2007]). Defendant's argument that there is nothing in the record to support plaintiff's claim that prior to January 2010, defendant diverted at minimum $671,686.82 in payments from codefendant for the work plaintiff performed is more appropriately raised on a motion for summary judgment or at trial, since a motion to amend is not a proper vehicle for the determination of the merits (*see Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 871 [3d Dept 1993]). Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.