Alshami v City Univ. of N.Y. (2022 NY Slip Op 02053)





Alshami v City Univ. of N.Y.


2022 NY Slip Op 02053


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 160183/19 Appeal No. 15573 Case No. 2021-03967 

[*1]Mohamed Alshami, Plaintiff-Appellant,
v
The City University of New York et al., Defendants-Respondents.


Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for appellant.
Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 2, 2021, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the claims under the New York State Human Rights Law (State HRL) (Executive Law § 296) for discrimination, hostile work environment, and retaliation, and otherwise affirmed, without costs.
Construing the pleadings liberally on this motion to dismiss (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009], lv denied 19 NY3d 807 [2012]), plaintiff adequately alleges a claim for discrimination on the basis of national origin (Yemeni) in violation of the State HRL.[FN1] Although plaintiff's allegations that his supervisors gave him unfavorable work assignments and unfair criticism do not constitute adverse employment actions (see Messinger v Girl Scouts of U.S.A., 16 AD3d 314, 315 [1st Dept 2005]), his assertion that he was denied a promotion to sergeant on at least two occasions adequately supports that element of his claim (see Santiago-Mendez v City of New York, 136 AD3d 428, 429 [1st Dept 2016]; see also Blanco v Brogan, 620 F Supp 2d 546, 554 [SD NY 2009]). Moreover, his allegations that a coworker made derogatory remarks about Yemenis in the presence of his supervisors, that such remarks were ignored or condoned, and that non-Yemeni campus peace officers, who were less qualified than he, were promoted to the sergeant position, supports the fourth element of his claim, i.e. that the adverse action occurred under circumstances giving rise to an inference of discrimination (see Santiago-Mendez, 136 AD3d at 429; Emengo v State of New York, 143 AD3d 508, 509 [1st Dept 2016]).
Plaintiff has also stated a cause of action for hostile work environment, as his coworker's multiple derogatory remarks about Yemenis, sometimes made in the presence of plaintiff's supervisors, along with the allegedly unfounded write-ups, unfavorable assignments, and denial of a promotion, were sufficiently severe and pervasive to support that cause of action (see Demir v Sandoz Inc., 155 AD3d 464, 466 [1st Dept 2017]; Godino v Premier Salons, Ltd., 140 AD3d 1118, 1120 [2d Dept 2016]). Plaintiff also alleges that defendants knew about the comments and failed to take appropriate action (see e.g. Matter of State Div. of Human Rights v Dom's Wholesale & Retail Ctr., Inc., 18 AD3d 335, 336 [1st Dept 2005]).
Plaintiff has sufficiently alleged retaliation by showing that: (1) he engaged in protected activity in December 2016 when he filed a complaint stating that his supervisor was discriminating against him, (2) defendants were aware that he participated in such activity, (3) he was denied a promotion in February and May 2017, and (4) there is a causal connection between the protected activity and the adverse
action (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; see Executive Law § 296[7]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: March 24, 2022



Footnotes

Footnote 1: We note that, because plaintiff's claims under the State HRL accrued before the enactment of Executive Law § 300, the standard for the discrimination claim under the State HRL differs from the standard for the discrimination claim under the City HRL.