Melendez v New York City Tr. Auth. (2022 NY Slip Op 02628)

Melendez v New York City Tr. Auth.

2022 NY Slip Op 02628

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 159390/13 Appeal No. 15764 Case No. 2021-02852 

[*1]Tulani Melendez, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants.

Schoeman Updike Kaufman & Gerber LLP, New York (Beth L. Kaufman of counsel), for appellants.
Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about June 25, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The record does not demonstrate conclusively that there is no basis upon which to impute liability to defendants for their employee Tony Aiken's misconduct (see Administrative Code of City of NY § 8-107[13][b]). Issues of fact exist as to whether Aiken had managerial or supervisory responsibility over other employees. Although Aiken did not have the authority to hire or fire employees and his official role was nonsupervisory, there is evidence that he had the de facto ability to direct other employees, notwithstanding his official title (see Rivera v United Parcel Serv., Inc., 2015 NY Slip Op 32695[U], *17 n 6 [Sup Ct, Bronx County 2015], affd 148 AD3d 574 [1st Dept 2017]; Cajamarca v Regal Entertainment Group, 2013 NY Slip Op 32615[U], *18 [Sup Ct, NY County 2013]; see also Administrative Code § 8-130[a]).
Issues of fact also exist as to whether defendants knew of Aiken's discriminatory conduct and failed to take immediate and appropriate corrective action. There is evidence that at least one Surface Line Dispatcher (SLD) had previously observed some of the subject misconduct against plaintiff. The record reflects that SLDs exercised the managerial or supervisory responsibility required to deem defendants to have knowledge of Aiken's discriminatory conduct (Administrative Code § 8-107[13][b][2]).
With respect to corrective action, defendants took no action at all in response to plaintiff's initial, informal complaint. Although they promptly began an investigation after plaintiff's subsequent, written complaint, which ultimately resulted in a harassment finding, and they took steps to keep Aiken away from plaintiff, there is evidence that these measures, and Aiken's resulting "punishment," were inadequate.
Issues of fact also exist as to whether defendants should have known of Aiken's discriminatory conduct and failed to exercise reasonable diligence to prevent it. There is evidence that complaints had been made about earlier incidents of at least arguable gender discrimination by Aiken and that several SLDs were aware of earlier incidents of clear discrimination or harassment, including against plaintiff. Although defendants had an anti-discrimination policy in place during the relevant period, there is evidence that Aiken was never trained in its contents, that appropriate corrective actions were not taken in response to his earlier incidents of misconduct, and that there was a known culture of shaming women who complained of discrimination.
Issues of fact preclude summary judgment dismissing the retaliation claim. Although plaintiff was not fired, demoted, or given less favorable work assignments after she complained about Aiken's misconduct, there is evidence that she was subjected to accusations, insults, and sexual innuendo [*2]by other employees (including those in managerial or supervisory roles) who blamed her for getting Aiken in trouble. This conduct, if proven, could be found to have been "reasonably likely to deter a person from engaging in protected activity," such as complaining about harassment (Administrative Code 8-107[7]; see generally Williams v New York City Hous. Auth., 61 AD3d 62, 71 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; Franco v Hyatt Corp., 189 AD3d 569, 571 [1st Dept 2020]).
The complaint cannot fairly be read to include a separate hostile work environment claim based on plaintiff's post-complaint treatment, and plaintiff cannot properly raise one in opposition to summary judgment (see Mirdita v Musovic Realty Corp., 171 AD3d 662, 663 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022