Henry v Split Rock Rehabilitation & Health Care Ctr., LLC (2022 NY Slip Op 03319)





Henry v Split Rock Rehabilitation & Health Care Ctr., LLC


2022 NY Slip Op 03319


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 


Index No. 25661/14E Appeal No. 15970 Case No. 2021-02700 

[*1]Ian Henry, Plaintiff-Respondent,
v
Split Rock Rehabilitation and Health Care Center, LLC, et al., Defendants-Appellants, Magar Maintenance Corporation, Defendant.
Split Rock Rehabilitation and Health Care Center, LLC, Plaintiff,
v
HI Cool, Inc., Defendant.


Caitlin Robin & Associates, PLLC, New York (Logan Youngworth-Wright of counsel), for appellants.
Rosenbaum & Rosenbaum, P.C., New York (Mark W. Walsh of counsel), for respondent.



Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered on or about April 19, 2021, which granted plaintiff's motion to amend the complaint, unanimously affirmed, without costs.
Plaintiff's motion was properly granted, as defendants failed to establish that they have "been hindered in the preparation of [their] case or [have] been prevented from taking some measure in support of [their] position" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]). Simply because defendants may be exposed to greater liability or may be required to spend more time in the preparation of their case does not constitute prejudice to defendants (see Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654 [1st Dept 2009]).
As for the potential viability of plaintiff's new Labor Law § 200 claim, although there is no evidence that defendants supervised plaintiff, plaintiff is not proceeding on a "means and methods" theory, but on a claim that there was a defect in the premises (see Haynes v Boricua Vil. Hous. Dev. Fund Co., Inc., 170 AD3d 509, 511 [1st Dept 2019]). As for the proposed Labor Law § 241(6) claim, plaintiff identified a sufficiently specific Industrial Code provision which applies to owners, even though it imposes obligations on the employer (Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604 [1st Dept 2017]; see Industrial Code 23-1.13[b][4]). While defendants argue that plaintiff was not involved in construction within the meaning of the statute, in the context of a motion for leave to amend, we do not decide the merits of the proposed pleading (see Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]) and defendants have not cited any authority demonstrating that the discretionary grant of leave to amend should be overturned on appeal (see Loewentheil v White Knight, Ltd., 71 AD3d 581, 581 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022