**Veras v City of New York**

2024 NY Slip Op 32541(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 159560/2023

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**

*Justice*

------------------------------------------------------------------------------X

NYDIA VERAS,

Plaintiff,

- v -

CITY OF NEW YORK, JOHN SANTUCCI, JAMES HENRY

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 159560/2023 |
| MOTION DATE | 12/15/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for                DISMISS                .

Upon the foregoing documents, Defendants the City of New York ("the City"), James Henry ("Dr. Henry"), and John Santucci ("Dr. Santucci") (collectively identified as "Defendants") move to dismiss the complaint in its entirety. Plaintiff Nydia Veras ("Plaintiff") opposes. For the reasons set forth herein, Defendants' motion is denied.

## BACKGROUND

Plaintiff joined the New York City Police Department ("NYPD") in January 2006 (NYSCEF Doc No. 1, verified complaint ¶ 13).[1] In May 2020, Plaintiff was injured on the job (*id*. ¶ 15). Plaintiff was stepping out of the back seat of a police vehicle when the driver, an NYPD officer, stepped on the gas, and dragged Plaintiff with the vehicle down the street (*id*. ¶ 16). As a result of the incident, Plaintiff tore her vagina and inner-thigh muscles (*id*. ¶ 17). Plaintiff also suffered injuries to her right knee (*id*. ¶ 18). Plaintiff could not walk and as a result was placed on limited duty (*id*. ¶¶ 21, 22). Thereafter, Plaintiff was diagnosed with avascular necrosis and osteoarthritis and learned that she would need bilateral hip replacement (*id*. ¶ 27, 29, 37, 45, 70).

Towards the end of May 2020, Plaintiff began seeing Dr. Henry, an orthopedic surgeon for the NYPD, and following her right hip replacement in January 2021, Plaintiff began meeting with Dr. Santucci, Deputy Chief Surgeon for the NYPD (*id*. ¶¶ 25, 47). During these appointments, Plaintiff was subjected to threatening and demeaning comments, including being told that she should resign, that she would be suspended, that she would be terminated, that she should "not get into any freaky sex positions," that her inability to heal was caused by her lack of motivation, and that she was using her accident to cover up a past injury (*id*. ¶¶ 48, 53, 58, 60, 64, 80, 152). Plaintiff was also denied leave to recover from surgery, stripped of her line of duty status, deprived of

---

[1] Except where otherwise noted, the facts are recited here as alleged in the amended complaint and are accepted as true for the purpose of the motion, as required on a motion to dismiss.

**159560/2023   VERAS, NYDIA vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 1 of 5

[* 1]

overtime and promotional opportunities, and ultimately surveyed out by Dr. Henry in 2021 (*id.* ¶¶ 31, 32, 38, 51, 52, 66, 105).

On September 28, 2023, Plaintiff commenced this action to recover for damages for employment discrimination under the New York City Human Rights Law ("NYCHRL") by filing a summons and complaint (NYSCEF Doc No. 1). The complaint interposes five causes of action against the City, Dr. Henry, and Dr. Santucci for (i) disability discrimination in violation of New York City Administrative Code § 8-107, (ii) disability discrimination hostile work environment in violation of New York City Administrative Code § 8-107, (iii) disability discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b), (iv) failure to provide reasonable accommodation/engage in a cooperative dialogue in violation of New York City Administrative Code §§ 8-107(15) and 8-107(28), and (v) violation of New York City Administrative Code § 8-502.

On December 15, 2023, Defendants moved pursuant to CPLR §§ 3211(a)(1) and (a)(7) to dismiss the complaint on the basis of documentary evidence and for failure to state a cause of action upon which relief may be granted (NYSCEF Doc No. 4, notice of motion). The City argues that Plaintiff was not discriminated against or subjected to a hostile work environment on the basis of her disability because Plaintiff cannot perform the essential requisites of the job, Plaintiff's proposed accommodation is unreasonable as a matter of law, and Plaintiff was not treated differently than other employees (NYSCEF Doc No. 9, memorandum of law at 7-11, 13-15). Further, the City contends that it is not liable for Dr. Henry's or Dr. Santucci's conduct because Plaintiff failed to allege that they are supervisors (*id.* ¶ 16-17.)

Plaintiff opposes the motion and reiterates that Plaintiff's complaint contains factual allegations sufficient to state causes of action for disability discrimination, hostile work environment, and strict liability (NYSCEF Doc No. 12, memorandum of law).

## DISCUSSION

On a motion to dismiss brought under CPLR §3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994][citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002][internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]).

**159560/2023   VERAS, NYDIA vs. CITY OF NEW YORK ET AL**                                    **Page 2 of 5**
**Motion No.  001**

2 of 5

Claims under the NYCHRL must be reviewed with "an independent liberal construction analysis in all circumstances . . . targeted to understanding and fulfilling . . . the [NYCHRL's] uniquely broad and remedial purposes," and should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*Williams v NYC Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009][internal citations and quotations omitted]; *Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]). Employment discrimination claims under the NYCHRL are reviewed under a notice pleading standard, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).

### I.     Disability Discrimination

The City moves to dismiss Plaintiff's first cause of action for disability discrimination for failure to state a cause of action. Under the NYCHRL, it is an unlawful discriminatory practice "for an employer or an employee or agent thereof, because of the actual or perceived . . . disability . . . status of any person, to refuse to hire or employe or to bar or to discharge from employment such person or . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment" (Administrative Code of City of NY § 8-107[1][a]). To state a cause of action for disability discrimination under the NYCHRL, a plaintiff must plead factual allegations that the plaintiff (1) is a member of a protected class, (2) was qualified to hold the position, (3) was terminated, subjected to another adverse employment action, or was treated differently from other employees, and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]).

Plaintiff met her burden with respect to the first three elements by pleading that she was perceived by her employer to be disabled (NYSCEF Doc No. 1, verified complaint ¶¶ 15, 17, 18, 21, 22, 25, 27, 31, 36, 38, 44, 45, 46, 63, 65), was qualified to hold her position with the NYPD (*id*. ¶ 61, 89, 146), and was denied leave and subjected to demeaning comments, including being labeled a "problem child," and threats of suspension and termination (*id*. ¶¶ 48, 49, 51, 52, 53, 56, 57, 58, 60, 64, 66, 74, 80, 152). Plaintiff's allegations that she was surveyed out, told to resign, and denied overtime and promotional opportunities due to her perceived disability are sufficient to raise an inference of discrimination (*id*. ¶¶ 31, 32, 66, 74, 102, 105, 152; *Harrington*, 157 AD3d at 585; *see also Vig*, 67 AD3d at 145 ["plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds"][internal quotations omitted]). The City's argument that Plaintiff failed to state a cause of action for unlawful discrimination because she was treated similarly to others on restricted duty is without merit.[2] A policy and practice that disadvantages disabled employees equally is unlawful discrimination under the NYCHRL (*see* Administrative Code of City of NY § 8-107[17]; *and see* NYC Commission on Human Rights Legal Enforcement Guidance on Discrimination on the Basis of Disability, April 2019, at 21 and 26 ["any policy that negatively singles out individuals with disabilities is unlawful disparate treatment under the NYCHRL unless the covered entity can demonstrate a legitimate non-discriminatory justification

---

[2] The City avers that Plaintiff's allegations regarding overtime fail because "the policy Plaintiff described treats all officers on restricted duties the same way as to earning overtime" (NYSCEF Doc No. 9, memorandum of law at 20).

**159560/2023   VERAS, NYDIA vs. CITY OF NEW YORK ET AL**                    **Page 3 of 5**
**Motion No.  001**

3 of 5

for the distinction" and "under a disparate impact theory of discrimination, a facially neutral policy or practice may be found to be unlawful discrimination even without evidence of the covered entity's subjective intent to discriminate"]).

## II. Hostile Work Environment

The City next moves to dismiss Plaintiff's second cause of action for hostile work environment under the NYCHRL. To state a cause of action for hostile work environment under the NYCHRL, a plaintiff must allege that they were treated "differently" or "less well" than other employees because of a protected status (*Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]; *Williams*, 61 AD3d at 78). The plaintiff must allege more than "petty slights and trivial inconveniences" (*Suri v Grey Glob. Grp., Inc.*, 164 AD3d 108, 118 [1st Dept 2018]). "[A] a contention that the behavior was a petty slight or trivial inconvenience constitutes an affirmative defense, which should be raised in the defendants' answer, and does not lend itself to a pre-answer motion to dismiss" (*Kaplan v New York City Dept of Health & Mental Hygiene*, 142 AD3d 1050, 1051 [2d Dept 2016], *citing Williams*, 61 AD3d at 80; *Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1562 [2d Dept 2010]). Questions of "severity" and "pervasiveness" are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability (*Williams*, 61 AD3d at 76).

The City argues that Plaintiff failed to sufficiently plead that she was treated less well because of her perceived disability because Dr. Henry and Dr. Santucci's comments and conduct were medical opinions not based on Plaintiff's disability and were nothing more than petty slights or trivial inconveniences (NYSCEF Doc No. 9, memorandum of law at 15-16). Plaintiff asserts that she met has her burden by pleading that she was stripped of her line of duty status, was forced to attend frequent doctor's appointments, was subjected to demeaning comments, including threats of suspension and termination, was recommended for survey off the job, and was barred from earning overtime or promotion (NYSCEF Doc No. 1, verified complaint ¶¶ ¶¶ 31, 32, 48, 49, 51, 52, 53, 56, 57, 58, 60, 64, 66, 74, 80, 102, 105, 152). Applying the required liberal pleading standard, Plaintiff has adequately pled a cause of action for hostile work environment. Plaintiff's allegations that she was denied overtime and promotional opportunities due to her perceived disability are adequate to plead that she was treated differently or less well than non-disabled employees, and allegations that she was repeatedly told she would be forced to retire or be "surveyed" off the job have been found by several courts to sufficiently allege facts that a plaintiff was subjected to a hostile work environment (*see Marcus v The City of New York*, 2023 NY Slip Op 34314[U], *4 [Sup Ct, NY County 2023]; *Viviana Ayende v The City of New York*, 2023 NY Slip Op 32970[U], *6 [Sup Ct, NY County 2023]; *Pesantez v The City of New York*, 2023 NY Slip Op 32249[U][Sup Ct, NY County 2023]).

## III. Employer Liability

Lastly, the City moves to dismiss Plaintiff's third cause of action for employer liability under New York City Administrative Code § 8-107(13)(b). Under New York City Administrative Code § 8-107(13) employers are liable for the discriminatory conduct of their employees (Administrative Code of City of NY § 8-107[13]). For violations of New York City Administrative Code §§ 8-107(1) and (2), employers are liable when: (i) the employee exercised managerial or

**159560/2023   VERAS, NYDIA vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 5**

supervisory responsibility, or (ii) the employer knew of the employee's discriminatory conduct and acquiesced in such conduct or failed to take immediate and appropriate corrective action, or (iii) the employer should have known of the employee's conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct (Administrative Code of City of NY 8-107[13][b]). For all other subdivisions, the employer is liable without regard to the status of the employee engaging in the conduct or the employer's knowledge (Administrative Code of City of NY 8-107[13][a] ["an employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions 1 and 2 of this section"]).

The City avers that Plaintiff failed to state a cause of action for employer liability under New York City Administrative Code § 8-107(13)(b) because Plaintiff failed to identify Dr. Henry and Dr. Santucci as supervisors or managers (NYSCEF Doc No. 9, memorandum of law at 17). However, Plaintiff does allege that Dr. Henry is four ranks above Plaintiff, Dr. Santucci is five ranks above Plaintiff, and that both held a supervisory role over Plaintiff (NYSCEF Doc No. 1, verified complaint ¶¶ 10, 12, 199). Moreover, Plaintiff alleged conduct that demonstrates Dr. Henry's and Dr. Santucci's "ability to direct other employees, notwithstanding [their] official title" (*Melendez v New York City Transit Auth.*, 204 AD3d 542, 543 [1st Dept 2022]; NYSCEF Doc No. 1, verified complaint ¶¶ 25, 38, 44, 65, 66). Whether Plaintiff can ultimately prevail on these allegations is not part of the calculus on a motion to dismiss (*Cortlandt Street Recovery Corp.*, 31 NY3d at 38).

Whereas the City advances no substantive arguments regarding the remaining causes of action, the motion is denied with respect to these causes of action, as are all other arguments not otherwise addressed herein.

Accordingly, it is

ORDERED that the motion to dismiss is denied; and it is further

ORDERED that the clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.

This constitutes the decision and order of the court.

**7/23/2024**
**DATE**

20240723184939HKINGO9B35 76A506494C3D9C3CAD667318C2B6

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159560/2023   VERAS, NYDIA vs. CITY OF NEW YORK ET AL**                    **Page 5 of 5**
**Motion No.  001**

[* 5]