| **Hussain v City of New York** |
| 2024 NY Slip Op 33130(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159834/2022 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. J. MACHELLE SWEETING**

*Justice*

------------------------------------------------------------------------------X

FUHAD HUSSAIN,

Plaintiff,

- against -

THE CITY OF NEW YORK, JAMES KOBEL, Individually, MARY KING, Individually, JOSE BRICENO, Individually, and TANYA MEISENHOLDER, Individually

Defendants.

------------------------------------------------------------------------------X

| PART | 62 |
|---|---|

| INDEX NO. | 159834/2022 |
|---|---|
| MOTION DATE | 03/10/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for                  DISMISSAL                  .

Plaintiff Fuhad Hussain, a New York City Police Department ("NYPD") officer, commenced this action to recover damages and for injunctive relief against the City of New York ("City"), James Kobel ("Kobel"), Mary King ("King"), Jose Briceno ("Briceno"), and Tanya Meisenholder ("Meisenholder") (collectively "defendants") seeking damages for claims of employment discrimination, hostile work environment and retaliation under Administrative Code § 8-107 (also known as the New York City Human Rights Law or "NYCHRL").[1] Plaintiff asserts the following causes of actions against all defendants: 8 counts (Counts I-VIII) of discrimination and hostile work environment based on race (Asian), skin color (Brown), national origin (Bangladeshi), religion (Muslim) in violation of Administrative Code § 8-107; 1 count (Count IX) of retaliation in violation of Administrative Code § 8-107; 4 counts (Counts X-XIII) of

---

[1] Although plaintiff mentions Executive Law § 296 (also known as the New York State Human Rights Law or "NYSHRL") in his complaint, he only alleges violations of the NYCHRL in his counts against defendants.

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
 **Motion No.  001**

Page 1 of 16

discrimination strict liability based on race, skin color, national origin, and religion in violation of Administrative Code § 8-107 (13) (b); and, retaliation strict liability (Count XIV) in violation of Administrative Code § 8-107 (13) (b). Plaintiff alleges that he is entitled to punitive damages (Count XV) against the City because it has violated Administrative Code § 8-502 (a).

In lieu of answering, defendants now move, pursuant to CPLR § 3211 (a) (7), for dismissal of the complaint for failure to state a claim. Plaintiff opposes the motion and cross-moves, pursuant to CPLR § 3025 (b), for leave to file an amended complaint. For the reasons stated below, the court grants the cross-motion, and it grants the motion as it pertains to claims of national origin against all defendants, and it grants all claims against Briceno and Meisenholder.

### Plaintiff's Cross-Motion to Amend the Complaint

As a preliminary matter, the court considers plaintiff's cross-motion. "Leave to amend the pleadings shall be freely given absent prejudice or surprise resulting directly from the delay" (*Pier 59 Studios, L.P. v Chelsea Piers*, *L.P*., 40 AD3d 363, 366 [1st Dept 2007] [citation omitted]). The court does not decide the merits of the proposed pleading in the context of a motion for leave to amend (*Henry v Split Rock Rehabilitation & Health Care Ctr., LLC,* 205 AD3d 540, 541 [1st Dept 2022]). The opposing party "must overcome a heavy presumption of validity in favor of [permitting amendment]" (*CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC*, 146 AD3d 60, 65 [1st Dept 2016] [citation omitted]). However, the plaintiff must show that the amendment is not palpably insufficient and not clearly devoid of merit (*Pier 59 Studios, L.P.*, 40 AD3d at 366).

Here, citing *Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 86 [1st Dept 2007]), plaintiff argues that it is within the court's discretion to permit him to amend the complaint. Plaintiff seeks to add facts as to claims for race and national origin discrimination and retaliation

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 16**

2 of 16

[* 2]

as well as events that occurred after he filed the original complaint for this action. The amendments provide details as to the claims against Kobel and the discretionary promotional process that allegedly led to the discrimination in this case. They also add more about plaintiff's internal complaints to the NYPD and the retaliation that he faced under King's command since the filing of the instant complaint (*see* NYSCEF Doc. No. 15, ¶ ¶ 331-354). Plaintiff argues that defendants cannot claim prejudice since it is early in the litigation process.

In opposition, defendants argue that the court should deny this cross-motion because the proposed amendments do not address the alleged deficiencies in the original complaint and could not survive a motion to dismiss, citing *Glenn Partition, Inc. v Trustees of Columbia Univ. in the City of N.Y.*, 169 AD2d 488, 489 (1st Dept 1991). In reply, plaintiff points out that defendants fail to address the substance of the proposed changes except as to Briceno and Meisenholder, thus, the amended complaint as to the City, Kobel and King should be granted. Unlike the plaintiff in *Glenn Partition, Inc.,* who sought to add a new theory of recovery, plaintiff here seeks to add facts and so defendants' argument is unavailing. Defendants do not claim that they are surprised by these facts at this early stage of litigation (*see Yeger v E\*Trade Sec. LLC*, 52 AD3d 441, 441 [1st Dept 2008]). The City was aware of the facts since plaintiff filed internal complaints with the NYPD about King's conduct after commencing this action (*see Branch v Abraham & Strauss Dept. Store*, 220 AD2d 474, 475 [2d Dept 1995]). Defendants also have not shown that they would suffer prejudice from the proposed amendments (*see Retail Consulting Servs., Inc. v New TSI Holdings, Inc.*, 208 AD3d 1115, 1116 [1st Dept 2022]; *M.A. Angeliades, Inc. v Hill Intl., Inc.*, 150 AD3d 607, 608 [1st Dept 2017]). Nor do defendants claim that they would be hindered in the preparation of its case or prevented from taking a measure in support of their position (*see Roberts v Liberty*

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 16**

3 of 16

*Lines Tr., Inc.*, 187 AD3d 617, 618 [1st Dept 2020]). Therefore, the court applies its broad discretion and grants the cross-motion.

Factual Background

The amended complaint states that plaintiff has been employed as a police officer with the NYPD since 2012 (NYSCEF Doc. No. 15, ¶ 182). Plaintiff identifies himself as a dark skinned, Muslim, Asian American male of Bangladeshi national origin (*id*. at ¶¶ 4-8). In September 2019, plaintiff, a sergeant, interviewed for and accepted a position as an Investigator in the Office of Equal Employment Opportunity ("OEEO"), for which he was highly recommended (*id*. at ¶¶ 193-197). The OEEO is a sub-unit of the Office of Equity and Inclusion (*id*. at ¶¶ 17, 198). The Office of Equity and Inclusion is responsible for promoting a workplace that is free from discrimination and harassment (*id*. at ¶ 23). The OEEO is tasked with preventing and investigating employment and harassment claims (*id*. at ¶ 25). The OEEO Investigation Unit consists of 2 lieutenants, 9 sergeants and 2 detectives (*id*. at ¶¶ 206-207). When plaintiff joined the unit, Kobel was the Deputy Inspector and Commanding Officer of the OEEO (*id*. at ¶¶ 18, 200). Meisenholder oversaw the Office of Equity Inclusion as Deputy Commissioner (*id*. at ¶ 199). King succeeded Kobel as the Commanding Officer of the OEEO and currently holds this position (*id*. at ¶¶ 12, 177). Briceno was the Integrity Control Officer in the OEEO (*id*. at ¶ 14).

Plaintiff contends that Kobel improperly closed his religious discrimination complaint without an investigation in October 2020 (*id*. at ¶¶ 21, 29). In September 2020, Kobel allegedly referred to a Muslim Palestinian-American NYPD lieutenant as a "goat-fucking Palestinian scum bag" (*id*. at ¶ 28). Kobel, a former NYPD officer for over 28 years, posted on a public internet message board known as Law Enforcement Rant more than 500 times often expressing racist,

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 16**

4 of 16

misogynistic, antisemitic, homophobic, and anti-Muslim messages under the alias "Clouseau" from July 2019 through September 2020 during his command at the OEEO (*id*. at ¶¶ 26-27). Kobel, a.k.a. "Clouseau," was the subject of a November 2020 report published by the New York City Council's Committee on Oversight and Investigations Division chaired by Hon. Ritchie J. Torres (*id*. at ¶ 15). This report led to an NYPD investigation and Kobel was relieved of his command of the OEEO in November 2020 (*id*. at ¶¶ 44, 243). The NYPD suspended Kobel on January 20, 2021 (*id*. at ¶ 48). In February 2021 after a trial within the NYPD, he was found guilty on several charges, including wrongful posting of content containing discourteous or disrespectful remarks from July 1, 2019 and September 5, 2020 regarding ethnicity, race, and religion (*id*. at ¶¶ 103, 105). Although Kobel was fired on February 13, 2021, he retired on January 12, 2021 (*id*. at ¶¶ 58, 102). As to his comments, in February 2020, Kobel posted that "[t]he Muslims flat out refuse to assimilate" in reference to litigation involving Muslim employees seeking religious accommodations with the New York City Fire Department (*id*. at ¶¶ 78, 106, 220). In June 2020 Kobel posted "fuck that Muslim savage" when referring to President Barack Obama (*id*. at ¶¶ 81, 107, 223).

Plaintiff also claims that in November 2021, King, who succeeded Kobel as Commanding Officer of the OEEO, took no action on a sexual harassment complaint plaintiff filed against Briceno on behalf of a female detective (*id*. at ¶¶ 268, 272-280). Plaintiff alleges that he filed a second complaint on behalf of the same female detective with King, and later the same day the NYPD Internal Affairs Bureau suspended Briceno after King failed to act (*id*. at ¶¶ 281-282). Subsequently, King allegedly subjected plaintiff to retaliation (*id*. at ¶ 283). He claims that from November 1, 2021 through the present date he has been forced to drive King's car, wash her car, put gas in her car, park her car and perform other random chores unrelated to his job duties, such

**159834/2022  HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 16**

5 of 16

[* 5]

as picking up Amazon packages at a UPS store (*id*. at ¶¶ 284, 286, 288). Plaintiff asserts that King never asked him to do these chores before he filed the sexual harassment complaint against Briceno and that King did not ask other members of the unit to do such chores (*id*. at ¶¶ 285, 287). Plaintiff claims that these remedial tasks were a material change in his job responsibilities and a mechanism to keep him from engaging in protected activity (*id*. at ¶¶ 293-294). Plaintiff points out that no other employees in the OEEO have been asked to complete these personal tasks for King (*id*. at ¶¶ 289, 292)

Based on these allegations, plaintiff alleges that because of his race, religion, skin color and national origin, defendants denied plaintiff employment benefits, created a hostile work environment, and subjected him to retaliation for his complaints of discrimination, all in violation of the NYCHRL. Defendants purportedly denied him discretionary promotions within the OEEO from Sergeant to a Sergeant Supervisor Detective Squad or Sergeant Special assignment although he was qualified for these promotions (*id*. at ¶¶ 166-167). Plaintiff maintains that discretionary promotions are not based on detailed criteria, the civil service exam is not a component, and it has multiple unknown aspects (*id*. at ¶¶ 120-121). Kobel and King were responsible for making discretionary promotions during their respective commands at the OEEO (*id*. at ¶ 109). Plaintiff claims that he was denied promotions because of their animus towards Muslim men and in retaliation for his complaints of harassment on behalf of a colleague and discrimination against himself (*id*. at ¶¶ 114, 175, 212, 264, 354). Plaintiff claims that he lost $10,000 to $20,000 in earnings compared to both his light-skinned, non-Muslim peers in the OEEO and the non-Asian sergeants who received promotions at a greater rate than him (*id*. at ¶ 216). Plaintiff points out that although 25% of the sergeants in the Office of Equity and Inclusion are Muslim and have dark brown skin, none of the sergeants that were given promotions had dark brown skin or were Muslim

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 6 of 16**

6 of 16

(*id*. at ¶¶ 171-172). Plaintiff further alleges that only 5.18% (11) of the 212 sergeants that received discretionary promotions to sergeant special assignment were Asian sergeants despite making up 9.72% (415) of the population of sergeants (*id*. at ¶¶ 153-154, 158). Plaintiff claims that he was passed over for promotions by similarly situated non-Muslim, light-skinned and non-Asian employees that were less qualified than him (*id*. at ¶¶ 213-215). Plaintiff contends that Meisenholder approved promotions and knew of the discriminatory practices, yet she allowed this disparate treatment (id. at ¶¶ 234-235). Plaintiff maintains that the City should have known of Kobel's discriminatory and retaliatory actions before the City Council report and that it failed to take corrective action (*id*. at ¶ 46).

Standard of Review

On a motion to dismiss a complaint for failure to state a cause of action, the court "must accept as true the facts as alleged in the complaint and . . . accord plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). Defendants carry the burden of showing that the complaint does not set forth a viable claim (*Connolly v Long Is. Power Auth.*, 30 NY3d 719, 728 [2018]; *Simmons v Village Plumbing & Heating NY Inc.*, 81 Misc 3d 876, 878 [Sup Ct, NY County 2023]). "Whether the plaintiff can ultimately establish its allegations is not part of the calculus" (*J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 21 NY3d 324, 334 [2013] [internal quotation marks and citation omitted]). Yet, "conclusory allegations – claims consisting of bare legal conclusions with no factual specificity – are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]).

**159834/2022 HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL
Motion No. 001**

**Page 7 of 16**

7 of 16

## Discrimination

Defendants move to dismiss the complaint for plaintiff's failure to sufficiently plead violations of the NYCHRL for discrimination.[2]  Under a notice pleading standard, a plaintiff has to give fair notice of the nature of the claim and its grounds (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009]). The NYCHRL provisions are "construed broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884-885 [2013] [citation omitted]). The elements of a NYCHRL discrimination claim are that the plaintiff must allege that he is a member of a protected class, is qualified to hold the position, and was "treated differently under circumstances giving rise to an inference of discrimination" (*Askin v Department of Educ. of City of New York*, 110 AD3d 621, 622 [1st Dept 2013]). A plaintiff must "show she was treated differently from others in a way that was more than trivial, insubstantial, or petty" (*Dimitracopoulos v City of New York*, 26 F Supp 3d 200, 216 [ED NY 2014]) and "that the [defendants'] conduct is caused by a discriminatory motive" (*Mihalik v Credit Agricole Cheuvreux N. Am., Inc.,* 715 F3d 102, 110 [2d Cir 2013]).

Here, defendants dispute that plaintiff sufficiently alleges that he was the subject of adverse employment actions under circumstances that give rise to an inference of discrimination based on national origin, race, religion, and skin color. Defendants argue that the remarks by Kobel and King were isolated derogatory comments that alone do not raise an inference of discrimination without a nexus to an adverse employment action, citing to *McCormick v Intern. Center for the Disabled*, 2013 NY Slip Op 31063(U), *13 (Sup Ct, New York County 2013). Defendants also contend that the allegations do not constitute adverse actions. They argue that Kobel's hateful posts

---

[2] The amended complaint does not contain any counts under the NYSHRL.

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**                                    **Page 8 of 16**
 **Motion No.  001**

were unrelated to plaintiff and as a whole, plaintiff fails to connect his alleged improper treatment to an adverse employment decision. Also, defendants argue that plaintiff fails to identify the education, qualifications, and job duties of his comparators.

This court finds that plaintiff's discrimination claim withstands the motion to dismiss under the NYCHRL. Plaintiff adequately pleads that he is a member of a protected class, was qualified to hold the position, that he was treated differently than others (denied promotions) and that defendants' conduct occurred under circumstances giving rise to an inference of discrimination. King and Kobel's comments, as mentioned before, "rise above the level of nonactionable petty slights or inconveniences" and show "differential treatment" (*O'Rourke v National Foreign Trade Council, Inc.*, 176 AD3d 517, 517 [1st Dept 2019]). Plaintiff's supervisors' comments displaying a religious-based motive combined with "greater specificity as to the context of [such phrases] usage" could lead a jury to draw an inference of discrimination based on religion and thus are sufficient to withstand a motion to dismiss (*Hill v City of New York*, 136 F Supp 3d 304, 337 [ED NY 2015] [internal quotation marks and citations omitted).

Also, plaintiff offers statistical evidence that supports his claim of discrimination. However, the complaint cannot withstand defendants' challenge to plaintiff's discrimination counts as alleged against Meisenholder and Briceno because there are no facts, only conclusory allegations, against these defendants. Similarly, plaintiff does not adequately allege a claim for discrimination against all defendants on the basis of national origin (Bangladeshi) because plaintiff makes no factual allegations that defendants' conduct was motivated by his national origin (*Kwong v City of New York*, 204 AD3d 442, 445 [1st Dept 2022]). Thus, this court grants defendants' motion to the extent that it seeks dismissal of plaintiff's claim of national origin discrimination and as to all claims of discrimination against Meisenholder and Briceno.

159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 9 of 16

## Hostile Work Environment

Defendants move to dismiss plaintiff's hostile work environment claims under the NYCHRL. To state a claim for hostile work environment under the liberal standard that governs the NYCHRL, a plaintiff need only allege facts showing that "[he] has been treated less well than other employees because of his protected status or that discrimination was one of the motivating factors for the defendant's conduct" (*Chin v New York City Hous. Auth.*, 106 AD3d 443, 445 [1st Dept 2013]). Defendants argue that plaintiff's allegations of hostile work environment due to the conduct of Kobel, Briceno and Meisenholder are insufficient to withstand a motion to dismiss, citing *Marsh USA Inc. v Hamby*, 958 NYS2d 61, 61 (Sup Ct, New York County 2010). Defendants contend that King's conduct towards plaintiff was not motivated by plaintiff's protected status and that her comments are petty slights or trivial inconveniences.

The court accords plaintiff the benefit of every possible inference and finds that plaintiff states a cause of action for hostile work environment under the NYCHRL through his allegations that he was denied promotions that were given to light skinned, non-Muslim peers (*see Valcarcel v First Quality Maintenance*, 41 Misc 3d 1222[A], 2013 NY Slip Op 51793[U], *10-11 [Sup Ct, Queens County 2013]). Also, plaintiff has sufficiently shown that he was treated less well than other employees because of his protected status through the remarks made by his superior officers that indicated their discriminatory views (*see Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y.,* 228 AD3d 482, 483 [1st Dept 2024]). From the time King took over the OEEO until the present, plaintiff maintains that King repeatedly derided plaintiff for being Muslim and for not drinking as part of his religion (NYSCEF Doc. No. 15, ¶ ¶ 308, 309). King purportedly called plaintiff a "fake Muslim" while accusing him of not fasting during the month of Ramadan and she forced him to bring her pork (*id*. at ¶ 301-302). King allegedly changed plaintiff's tour and

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 10 of 16**

forced him to drive her to bars on two occasions in July and August 2022, where she drank alcohol, knowing that plaintiff abstains as a practicing Muslim (*id*. at ¶ ¶ 313-318). Plaintiff also claims that King, who is Hispanic, berated, screamed, and yelled at plaintiff in front of plaintiff's peers because he was investigating another Hispanic lieutenant (*id*. at ¶ ¶ 274-279). Plaintiff accurately compares his case to *Alshami v City University of New York*, 203 AD3d 592, 593 [1st Dept 2022]), in which the plaintiff sufficiently alleged a hostile work environment based on the claims that his coworkers made multiple derogatory remarks about him in the presence of his supervisors and that this led to denials of promotion. As plaintiff correctly argues, here, where his supervisors, who have denied him promotions, made derogatory comments about his religion, he has alleged a sufficiently severe and pervasive course of conduct to support a cause of action for hostile work environment (*see id*.). When plaintiff filed discrimination complaints with his supervisors in his capacity as a mandatory reporter, they allegedly assigned remedial tasks which support his allegation that he was treated "'less well,' at least in part to discriminatory reasons, under the NYCHRL" (*Campbell v New York City Dept. of Educ.*, 200 AD3d 488, 489 [1st Dept 2021] quoting *Hernandez v Kaisman*, 103 AD3d 106, 114-115 [1st Dept 2012]). Hence, defendants' motion to dismiss the hostile work environment claim against King and Kobel is denied and granted as to the remaining defendants.

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 11 of 16**

Retaliation

Defendants move to dismiss plaintiff's retaliation claims. Under the NYCHRL, a plaintiff must allege that he/she participated in a protected activity known to defendants, defendants took an action that disadvantaged him, and a causal connection exists between the protected activity and the adverse action (*Fletcher v Dakota, Inc.,* 99 AD3d 43, 51-52 [1st Dept 2012]). The employer's action has to be "reasonably likely to deter a person from engaging in protected activity" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 71 [1st Dept 2009]). The causal connection between a protected activity and a detrimental action is shown by temporal proximity between these actions or other facts in support of causation (*Harrington v City of New York*, 157 AD3d 582, 586 [1st Dept 2018]).

Defendants argue that plaintiff fails to plead retaliation because his allegation that he notified King of a report of sexual harassment on behalf of another officer, not for himself, in November 2021 is not a protected activity, citing *Wright v City of N.Y.*, 2022 NY Slip Op 33942[U], *9 (Sup Ct, New York County 2022). Defendants also argue that even if, *arguendo*, plaintiff engaged in a protected activity, the complaint fails to connect it to the alleged retaliatory incidents. Defendants contend that allegations that plaintiff's was subjected to random chores were not materially adverse changes in the terms and conditions of his employment.

Here, plaintiff adequately pleads that Kobel and King retaliated against plaintiff; that they knew of his protected activity (filing of a religious discrimination complaint and a sexual harassment complaint for another NYPD officer); and that plaintiff suffered by not receiving promotions and losing potential tangible job benefits like the loss of overtime pay, wages, and pension benefits (*see Emengo v State*, 143 AD3d 508, 509 [1st Dept 2016]); *Alshami*, 203 AD3d at 721). It is not critical that plaintiff complained about discrimination against another individual

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 12 of 16**

12 of 16

(*see Gorzynski v JetBlue Airways Corp.*, 596 F3d 93, 110 [2d Cir 2010]). Plaintiff alleges that after filing discrimination complaints with Kobel he was shortly then passed over for promotions. Thus, a causal connection is inferred from the close temporal proximity of the immediate failure to promote (*Pelepelin v City of New York*, 189 AD3d 450, 452 [1st Dept 2020]). Also, plaintiff does not have to amplify the details of his comparators which can be substantiated during discovery (*id*.).

In addition, plaintiff's claimed retaliatory consequences since filing the complaint for this case in November 2022 could "reasonably likely [be] to deter a person from engaging in protected activity" like complaining about harassment (*Melendez v New York City Tr. Auth.,* 204 AD3d 542, 544 [1st Dept 2022] [citations omitted]). King began scrutinizing his work and rejecting his case findings (NYSCEF Doc. No. 15, ¶¶ 332-334). Plaintiff filed internal complaints with the NYPD and requested a transfer, which were purportedly ignored (*see id*. at ¶¶ 335-339). He was passed over for two promotions in January 2023 which led him to file a complaint with NYPD Internal Affairs that was allegedly ignored (*see id*. at ¶¶ 341-347). In March 2023, he was denied another promotion (*id*. at ¶ 348). At this juncture, the court need not determine whether defendants' motivation for their conduct was retaliation or continued discrimination (*O'Rourke*, 176 AD3d at 518). Thus, defendants' motion to dismiss retaliation claims as to Kobel and King is denied and granted as to the remaining defendants.

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 13 of 16**

## NYCHRL § 8-107[13][b]

Defendants move to dismiss this claim arguing that plaintiff has failed to assert discrimination and retaliation claims (NYSCEF Doc. No. 11, p. 8, 11), citing *Doe v Bloomberg L.P.*, 36 NY3d 450, 461 (2021). Plaintiff alleges that defendants are strictly liable for the discriminatory and retaliatory actions. The NYCHRL vicarious liability provision imposes strict liability on an employer and an employer "need not have participated in the offending conduct" (*Doe v Bloomberg L.P.*, 36 NY3d 450, [2021] citing *Zakrzewska v New School*, 14 NY3d 469, 480-481 [2010]). An employer's liability for an employee's unlawful discriminatory conduct exists when that employee "exercised managerial or supervisory authority" over plaintiff, the employer knew of such conduct and either acquiesced in or failed to take immediate and appropriate corrective action or should have known of the discriminatory conduct but "failed to exercise reasonable diligence to prevent such discriminatory conduct" (*Hunter v Barnes & Noble, Inc.*, 2023 WL 2366844, 2023 NY Slip Op 30638[U], *5 [Sup Ct, NY County 2023] quoting NYCHRL § 8-107[13][b]). Plaintiff sufficiently pleads that Kobel and King held supervisory positions and controlled "many tangible aspects of [p]laintiff's job duties" as well as personally participated in discrimination and retaliation targeted at plaintiff (*id*. at *6). Plaintiff alleges that he notified the City of his supervisors' discrimination and it failed to act, hence this claim against the City withstands a motion to dismiss (*see Alegre v The City of New York*, 2024 WL 2747895, 2024 NY Slip Op 31850[U], * 7 [Sup Ct, New York County 2024]); *Eustache*, 228 AD3d at 484).

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 14 of 16**

14 of 16

Punitive Damages

Count XV of the complaint alleges that "Defendants City of New York" is in violation of NYCHRL § 8-502(a). Defendants move to dismiss the claim of punitive damages pursuant to NYCHRL § 8-502. As to defendant City of New York, plaintiff cannot recover punitive damages against a municipality (*Dorian v City of New York*, 129 AD3d 445, 446 [1st Dept 2015]). Inasmuch as plaintiff argues that he is entitled to punitive damages against individual defendants, plaintiff should have but did not plead for such relief. Accordingly, defendants' motion seeking dismissal of this count is granted.

Conclusion

Accordingly, it is hereby:

**ORDERED** that plaintiff Fuhad Hussain's cross-motion for leave to amend the complaint is granted, and the amended complaint in the proposed form annexed to the moving papers filed under NYSCEF Doc. No. 15 is accepted; and it is further

**ORDERED** that the branch of defendants the City of New York, James Kobel, Mary King, Jose Briceno, and Tanya Meisenholder's motion seeking to dismiss Counts I-VIII is denied to the extent that is asserts race, skin color and religion discrimination and hostile work environment and is granted to the extent that it asserts national origin discrimination and hostile work environment; and it is further

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 15 of 16**

**ORDERED** that the branch of the motion to dismiss Counts I- XIV as to Meisenholder and Briceno is granted and these causes of action are severed and dismissed; and it is further

**ORDERED** that the branch of the motion seeking dismissal of Count IX and XIV that assert retaliation is denied as to Kobel and King and granted as to the remaining defendants and these causes of action are severed and dismissed; and it is further

**ORDERED** that the branch of the motion seeking dismissal of Counts X, XI and XIII that assert a violation of NYCHRL § 8-107 (13) (b) is denied at to the City; and Count XII is granted and this cause of action is severed and dismissed; and it is further

**ORDERED** that the branch of the motion seeking dismissal of Count XV is granted and this cause of action is severed and dismissed; and it is further

**ORDERED** that the remainder of the action shall continue; and it is further

**ORDERED** that, for the purpose of clarity, plaintiff shall file a further amended complaint that comports with this order within 30 days of entry; and it is further

**ORDERED** that defendants shall file their answer within 30 days of the date of such filing.

| 9/6/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **x** | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | **X** | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159834/2022   HUSSAIN, FUHAD vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 16 of 16**

[* 16]

16 of 16