■ ANDREW M. CUOMO, Attorney General of the State of New York, et al., Respondents, v OSMIN FERRAN, JR., et al., Defendants, and LEWIS BRESTIN et al., Appellants. [909 NYS2d 521]—

In an action, inter alia, pursuant to Executive Law § 63-c to recover public money improperly obtained, (1) the defendants Marina Bonaparte, Dental Wheels, LLP, Dental Wagon, LLC, and Jamaica-Queens Dental Health Care, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Siegel, J.), dated September 9, 2009, as upon granting the plaintiffs' motion for leave to reargue that branch of the plaintiffs' motion which was for summary judgment on their fourth cause of action against them, which was denied in a prior order of the same court (Dollard, J.) dated March 31, 2009, vacated that portion of the order denying that branch of the plaintiffs' motion and granted that branch of the motion, and (2) the defendants Lewis Brestin, Marina Bonaparte, Dental Wheels, LLP, Dental Wagon, LLC, Lewis Brestin, DDS, P.C., Richmond Hill Dental Associates, P.C., Jamaica-Queens Dental Health Care, P.C., and Alternative Medicine Care of Queens appeal from a judgment of the same court dated September 25, 2009, which, upon the order dated September 9, 2009, is in favor of the plaintiff State of New York and against them in the principal sum of $11,071,935.

Ordered that the appeal from the order dated September 9, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants Lewis Brestin and Marina Bonaparte are dentists with an office in Queens, where they do business as the defendant Lewis Brestin, DDS, P.C. At some time before May 28, 2002, Brestin and Bonaparte formed the defendants Dental Wagon, LLC (hereinafter Dental Wagon), and Dental Wheels, LLP (hereinafter Dental Wheels, and together with Dental Wagon, the entities) to operate two Greyhound buses and a recreational vehicle converted into mobile dentist offices (hereinafter collectively the dental buses). Each of the entities had its own Medicaid provider number and only used Medicaid-type billing. The dental buses were leased from and maintained by the defendant Nations Management Group, Inc. (hereinafter Nations). Nations and then the defendant Globe Management

Group, Inc. (hereinafter Globe), also were paid to market the buses in the communities where the dental buses were stationed. Nations and Globe were operated by the defendant Osmin Ferran, Jr., who acted as a liaison between those entities and the dental buses, and also acted as superintendent for the dental buses. Ferran and other employees of Nations and Globe were "runners" who found patients on the streets, at places such as housing projects, and at events such as health fairs, and brought them to the dental buses. They also talked patients into bringing their families to the dental buses for treatment. In February 2003 Ferran was convicted of Medicaid fraud in Florida, and he was included on a list of individuals excluded from participation in the Federal Medicare and Medicaid program which appeared in the Federal Register on October 29, 2003. As a result, pursuant to the Department of Social Services regulations, he also was excluded from participation in the state Medicaid program (*see* 18 NYCRR 515.8 [a] [1]). On February 10, 2005, investigators from the Attorney General's office arrested Ferran and charged him with grand larceny in the first degree in connection with operating the dental buses.

The plaintiffs commenced this action, inter alia, to recover Medicaid funds which were initially paid to the entities and then distributed amongst, among others, the appellants. In an order dated March 31, 2009, the Supreme Court denied the plaintiffs' motion, inter alia, for summary judgment on their fourth cause of action, which sought to recover public property misappropriated by the defendants in violation of Executive Law § 63-c (hereinafter the Tweed Law). In the order appealed from, the Supreme Court granted the plaintiffs' motion for leave to reargue their prior motion for summary judgment and, upon reargument, vacated the order dated March 31, 2009, and granted that branch of the plaintiffs' motion which was for summary judgment on the fourth cause of action. In the judgment appealed from, the Supreme Court, upon the order dated September 9, 2009, awarded the defendant State of New York the principal sum of $11,071,935, representing the Medicaid payments received by the appellants from May 28, 2002, the date the dental buses began billing Medicaid, to February 10, 2005, the date of Ferran's arrest.

" 'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some other reason mistakenly arrived at its earlier decision' " (*Barnett v Smith*, 64 AD3d 669, 670-671 [2009], quoting *E.W. Howell Co., Inc. v S.A.F. La Sala*

*Corp.*, 36 AD3d 653, 654 [2007]; *see* CPLR 2221 [d]). Contrary to the appellants' contention, the Tweed Law was properly invoked in this case. The Tweed Law vests the Attorney General with the discretionary authority to seek the recovery of money or property (other than real property) belonging to the State, or to recover damages or other compensation, or both, pursuant to any viable action or proceeding at law or in equity available to the State (*see State of New York v Grecco*, 21 AD3d 470, 476 [2005]). Pursuant to 18 NYCRR 518.5 (c), the New York State Department of Social Services (hereinafter the Department) may initiate or participate in civil proceedings, including actions at law or in equity to recover any overpayment. "An overpayment includes any amount not authorized to be paid under the medical assistance program, whether paid as the result of inaccurate or improper cost reporting, improper claiming, unacceptable practices, fraud, abuse or mistake" (18 NYCRR 518.1 [c]). Unless a payment is made pursuant to a valid employer-employee relationship, it is an unacceptable practice to offer or pay either directly or indirectly any payment (including any kick-back, bribe, referral fee, rebate or discount), whether in cash or in kind, in return for referring a client to a person for any medical care, services, or supplies for which payment is claimed under the Medicaid program (*see* 18 NYCRR 515.2 [b] [5] [iii]). A provider reimbursed on a fee-for-services basis also may not submit any claim and cannot be reimbursed for any medical care, services, or supplies furnished in violation of any condition of participation in the Medicaid program (*see* 18 NYCRR 515.5 [e]). One such condition is that a person who is excluded from the program cannot be involved in any activity relating to furnishing medical care, services, or supplies to recipients of Medicaid for which claims are submitted to the program, or relating to claiming or receiving payment for medical care, services, or supplies (*see* 18 NYCRR 515.5 [c]).

Here, in support of that branch of their motion which was for summary judgment on the fourth cause of action pursuant to Executive Law § 63-c, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law under the Tweed Law by showing that the entities made payments to Nations and Globe in exchange for the referral of patients to the dental buses, and that Ferran, who was excluded from participation in the state Medicaid program, was involved in activity relating to furnishing medical care on the dental buses in his role as superintendent for the dental buses. In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the Supreme Court overlooked or misapprehended the relevant facts and law in

mistakenly arriving at its initial determination, it properly granted leave to reargue and, upon reargument, granted that branch of the plaintiffs' motion which was for summary judgment on the fourth cause of action.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.