24-3134
*Hanley v. NYC Health & Hospitals Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand and twenty-five.

PRESENT:
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*,
> SIDNEY H. STEIN,*
> > *District Judge*.

_____

CLAIRE HANLEY, M.D.,

> *Plaintiff-Appellant*,

> v.                                                          No. 24-3134

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, KINGS COUNTY HOSPITAL

_____

* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

CENTER, STATE UNIVERSITY OF NEW
YORK DOWNSTATE MEDICAL CENTER,
WAYNE J. RILEY, M.D. AS PRESIDENT OF SUNY
DOWNSTATE MEDICAL CENTER, DEBORAH L.
REEDE, M.D. AS CHAIR OF RADIOLOGY OF SUNY
DOWNSTATE MEDICAL CENTER AND
INDIVIDUALLY, PATRICK HAMMILL,
M.D. AS DIRECTOR OF RADIOLOGY AT KINGS
COUNTY HOSPITAL CENTER AND INDIVIDUALLY,
NEESHA PATEL, M.D.

> *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MOLLY SMITHSIMON, Smithsimon Law and Mediation PLLC, New York, NY (Stephen Bergstein, Bergstein & Ullrich, New Paltz, NY, *on the brief*) |
| FOR DEFENDANT-APPELLEES NYC HEALTH & HOSPITALS CORP., KINGS COUNTY HOSPITAL CENTER, PATRICK HAMMILL, M.D. & NEESHA PATEL, M.D. | SHANE MAGNETTI, Counsel (Richard Dearing, Counsel, Deborah A. Brenner, Counsel, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel, New York, NY |
| FOR DEFENDANT-APPELLEES SUNY DOWNSTATE, WAYNE J. RILEY, M.D. & DEBORAH L. REEDE, M.D. | SAMANTHA NEAL, Assistant Solicitor General of Counsel (Barbara Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Cleland B. Welton, II, Assistant Solicitor General of Counsel, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY |

Appeal from judgments of the United States District Court for the Eastern District of New York (Block, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered on October 30, 2024, and November 14, 2024, are **AFFIRMED**.

Plaintiff-Appellant Dr. Claire Hanley was a breast imaging radiologist at Kings County Hospital Center ("KCH") and had an academic appointment at SUNY Downstate Medical Center ("SUNY Downstate"). In May 2018, when Hanley was 70 years old, Defendant-Appellee Dr. Patrick Hammill, the Chief of Service for Radiology at KCH, removed her clinical responsibilities and placed her on administrative leave pending review by the KCH medical board, citing a failed performance evaluation and patient safety concerns, including "potential delay in diagnosis and missed cancer." App'x at 758. The following month, at Hammill's recommendation, the medical board decided not to renew Hanley's clinical privileges or reappoint her to the KCH medical staff. Subsequently, SUNY Downstate declined to renew her academic appointment.

Hanley sued the Hospital Defendants (New York City Health and Hospitals Corporation (HHC); KCH; Hammill; and Dr. Neesha Patel, the

Director of Breast Imaging at KCH) and the SUNY Defendants (SUNY Downstate; Dr. Wayne Riley, SUNY Downstate President; and Dr. Deborah Reede, SUNY Downstate Chair of Radiology) for age discrimination and due process violations. The district court granted summary judgment to all Defendants on the due process claims. On the age discrimination claims, the court granted summary judgment only to the SUNY Defendants. After a trial on the age discrimination claims against the Hospital Defendants, the jury rendered a verdict for the Hospital Defendants.

On appeal, Hanley challenges both summary judgment rulings and seeks to set aside the jury's verdict. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.     Age Discrimination—SUNY Defendants

We review a district court's grant of summary judgment without deference. *Peoples v. Leon*, 63 F.4th 132, 137 (2d Cir. 2023). "Summary judgment is appropriate only in cases where no genuine dispute of material fact exists, and

judgment can be made as a matter of law." *Id.*[1]  This Court may affirm the

district court's grant of summary judgment to the SUNY Defendants "on any

basis for which there is sufficient support in the record, including grounds not

relied on by the district court."  *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d

202, 205 (2d Cir. 2006).

We evaluate Hanley's age discrimination claims under the three-part

burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973).  *See Bucalo v. Shelter Island Union Free School District*, 691 F.3d 119, 129 (2d

Cir. 2012).[2]  At the first stage, to make out a *prima facie* case—meaning a case that

is sufficient to establish a claim unless rebutted—the plaintiff "must show

(1) that she was within the protected age group, (2) that she was qualified for the

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

[2] Dr. Hanley brought claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–101 *et seq.*  Because her claims accrued in 2018, before the NYSHRL was amended, we apply the federal ADEA framework to her NYSHRL claim.  *See Alshami v. City Univ. of N.Y.*, 162 N.Y.S.3d 720, 720 n.1 (1st Dep't 2022); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010).  A similar burden-shifting analysis applies to the NYCHRL claim, but the claims must be analyzed separately and "summary judgment is appropriate if no reasonable jury could conclude either that the defendant's reasons were pretextual, or that the defendant's stated reasons were not its sole basis for taking action, and that its conduct was based at least in part on discrimination."  *Ya-Chen Chen v. City University of New York*, 805 F.3d 59, 76 (2d Cir. 2015)).

5

position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." *Id.* If the plaintiff survives the first stage, the burden shifts to the defendant to produce evidence of a "legitimate, nondiscriminatory reason" for the employment decision. *Id.* at 128–29. If the defendant carries that burden, "the presumption raised" at stage one "is rebutted and drops from the case." *Id.* at 129. At the final stage, the plaintiff has "the opportunity to demonstrate that the proffered reason was not the true reason"—*i.e.*, to show pretext—and that age in fact caused the employer's adverse decision. *Id.*[3]

Even assuming that Hanley made out a *prima facie* case by pointing to evidence that Reede made a discriminatory remark about older doctors not knowing when to retire, Hanley cannot rebut the SUNY Defendants' legitimate, nondiscriminatory reason for declining to renew her appointment.

Under the affiliation agreement between SUNY and HHC, SUNY assigns its academic staff members to serve as clinical practitioners at KCH and other

---

[3] To prevail on her ADEA and NYSHRL claims, Hanley "must prove that age was the 'but-for' cause of the employer's adverse decision." *Lively v. WAFRA Investment Advisory Group., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021). To prevail on her NYCHRL claim, however, Hanley "need only show differential treatment—that she was treated less well—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

hospitals.  Hanley thus served a hybrid role: she provided radiology services to patients at KCH and trained SUNY Downstate medical students, residents, and fellows who rotated through the hospital.  For that reason, Hanley's continued appointment at SUNY Downstate was explicitly conditioned on her maintaining clinical privileges at KCH.  When she lost those privileges, she could no longer perform her academic duties for SUNY Downstate.

Hanley has not offered additional evidence beyond Reede's alleged discriminatory comment to show the SUNY Defendants' explanation is "unworthy of credence."  *Sista v. CDC Ixis North America*, 445 F.3d 161, 173 (2d Cir. 2006).  No reasonable jury could conclude that SUNY's explanation was pretextual and that age was a but-for cause of the SUNY Defendants' adverse action, *Lively*, 6 F.4th at 303, or that the SUNY Defendants treated Hanley less well because of her age, *Mihalik*, 715 F.3d at 110, in the face of clear evidence that Hanley maintaining her KCH privileges was a requirement of her SUNY Downstate appointment.  Thus, the district court properly granted summary judgment to the SUNY Defendants on the age discrimination claims.

## II.     Due Process

Hanley argues that she had a property and liberty interest in her medical staff appointment and clinical privileges at KCH, and that the Hospital Defendants made the decision to not reappoint her or renew her privileges without adequate process.[4]

We assume without deciding that Hanley had a property interest in her clinical staff privileges at KCH.  *See Greenwood v. New York, Office of Mental Health*, 163 F.3d 119, 122–23 (2d Cir. 1998) (holding that clinical staff privileges, when guaranteed by a public hospital's bylaws, can give rise to a property interest protected by the Due Process Clause).

Even so, she received all process that was due.  The KCH Bylaws provide adequate process for deprivation of any property interest in renewal of her clinical privileges.  A practitioner who receives notice of non-renewal of privileges is entitled to request a formal hearing, at which both the practitioner and the hospital may call witnesses and submit them to cross-examination.  If the

---

[4] Hanley does not on appeal challenge the district court's grant of summary judgment to the SUNY Defendants on her due process claims.

medical board affirms the non-renewal, the practitioner may appeal that decision to the HHC president or a designee.

When the court granted summary judgment, the hearing before the medical board was pending. By the time of trial, the hearing and appeal process were complete. We disagree with Hanley's suggestion that the delay in the hearing process rises to the level of a constitutional violation.

We likewise reject Hanley's contention that she was entitled to, and was denied, a pre-deprivation hearing. Even assuming the above hearing is properly viewed as a post-deprivation hearing, and that Hammill failed to give Hanley notice of his intent to recommend that her privileges not be renewed and an opportunity to respond, where hospital administrators believe that a clinician threatens patient safety, a full-blown pre-deprivation hearing is not constitutionally required. *Accord Ezekwo v. N.Y.C. Health & Hospitals Corp.*, 940 F.2d 775, 785-86 (2d Cir. 1991).

As to Hanley's "stigma plus" due process claim that the Hospital Defendants deprived her of a liberty interest, Hanley must prove deprivation of a property interest combined with defamation by a government actor. *Greenwood*, 163 F.3d at 124. Specifically, she must show "utterance of a

9

statement" that injures her reputation and "is capable of being proved false." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005). The alleged "defamatory statement must be sufficiently public to create or threaten a stigma," *id.*, such as by the government's publication of the defamatory statement or where the stigmatizing statement is placed in the employee's personnel file and is likely to be disclosed to prospective employers, *Donato v. Plainview-Old Bethpage Central School District*, 96 F.3d 623, 631 (2d Cir. 1996). We have recognized this kind of claim against a government employer in a narrow set of circumstances—for instance, where a school published a "statement of reasons" for a plaintiff's termination that read "like a bill of indictment, methodically reciting a litany of lack of professional competence." *Id.* at 630–31.

Hanley cannot make such a showing. We do not doubt that losing her staff appointment and clinical privileges at KCH, and ultimately her SUNY Downstate appointment, dealt a blow to Hanley's professional reputation and made it more difficult for her to secure a new position as a radiologist. But the non-renewal of her privileges alone is not defamatory, *see O'Connor v. Pierson*, 426 F.3d 187, 195 (2d Cir. 2005), and she has not identified any demonstrably false published statement that "impugn[ed]" her "professional reputation,"

10

*Donato*, 96 F.3d at 631, in a "sufficiently public" manner "to create or threaten a stigma," *Velez*, 401 F.3d at 87.

There is no evidence here that any Defendants "disseminated defamatory information about [her] medical skills to other hospitals and law enforcement personnel," *Greenwood*, 163 F.3d at 121, or that they issued a public statement akin to a public "bill of indictment" of her "professional competence." *Donato*, 96 F.3d at 631.

Even assuming Hanley bases her "stigma plus" claim on the allegedly false reports from Hammill and Patel to the medical board, she has proffered no evidence that those statements were publicly disseminated or likely to be disclosed to Hanley's prospective employers. Thus, the district court properly granted summary judgment to defendants on all due process claims.

**III. Evidentiary Rulings and Jury Instructions**

Hanley argues that the cumulative effect of errors in the district court's evidentiary rulings and jury instructions warrants a new trial. We disagree.

*A. Evidentiary Rulings*

Where a party objected to an evidentiary ruling at trial, we review the district court's decisions to admit or exclude evidence for abuse of discretion.

*Henry v. Wyeth Pharmaceuticals, Inc.*, 616 F.3d 134, 149 (2d Cir. 2010).  Even where

the district court exceeded its discretion, "[w]e will reverse only where the

improper admission or exclusion of evidence affects a substantial right of one of

the parties."  *Phoenix Associates III v. Stone*, 60 F.3d 95, 104–05 (2d Cir. 1995).  "An

error is harmless if we can conclude with fair assurance that the evidence did not

substantially influence the jury."  *Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir.

2016).  Evidentiary objections not raised in the district court are reviewed for

plain error only.  *Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004).

First, Hanley contends that the district court improperly barred her from

testifying that, when an administrative employee in the medical board office

brought Hammill the reappointment package for a different doctor, he asked the

employee, "Shouldn't she be retiring by now?"  Appellant's Br. at 37.  Hanley

does not contend that she personally observed this exchange.

Hanley's challenge fails at the get-go because the district court did *not*

exclude evidence of the alleged comment.  Before trial, the court indicated that

the proffered testimony "sounded like hearsay" but concluded: "We'll see what

[plaintiff] says and what the questions are and we'll make our rulings at that

time."  App'x at 1370.  At trial, when examined by Hanley's counsel, Hammill

twice denied making the comment. Hanley never sought to introduce evidence to the contrary, whether through her own testimony or that of another witness. Hanley cannot now challenge the district court's purported refusal to allow the evidence when Hanley never actually sought to admit it at trial. *See United States v. Valenti*, 60 F.3d 941, 944–45 (2d Cir. 1995).

Second, Hanley argues that the district court should not have allowed the Hospital Defendants to introduce evidence that she was disciplined in 2015 for an incident involving her former supervisor. The court did not exceed its discretion in admitting this evidence, because Hanley's disciplinary history was part of her employment record that Hammill considered when he recommended that her privileges not be renewed.

Third, Hanley contends that the district court should not have permitted Patel to testify that after Hanley's privileges were terminated it came to light that Hanley had failed to identify cancer in another patient. Any potential error was harmless because the district court immediately questioned the witness to clarify that, because she only learned of the missed diagnosis after Hanley left KCH, "it had nothing to do with her discharge." App'x at 1720. Additionally, Hanley's

13

counsel elicited concessions from Dr. Hammill that he, like all radiologists, had missed cancer before.

Fourth, Hanley asserts that the district court improperly allowed the defendants to reference her testimony before the "medical board," contravening an agreement Hanley claims the parties reached off the record to say "prior proceeding" instead. According to Hanley, the phrase "medical board" prejudiced her by suggesting that she had done something wrong professionally. But the record belies the suggestion that the parties had reached an understanding that nobody would refer to the "medical board." Both sides referenced the "medical board" throughout trial. That makes sense. The medical board's decision not to renew Hanley's clinical privileges was pivotal to this case.

Finally, Hanley contends that the district court exceeded its discretion in questioning her expert witness. The trial court has broad discretion to examine a witness. *See* Fed. R. Evid. 614(b). Here, the court's structuring of the expert's testimony, and its questioning of the expert, did not amount to plain error. Hanley's counsel had ample opportunity to question the expert witness on redirect examination.

In sum, the challenged evidentiary rulings do not, individually or collectively, amount to reversible error.

B.    *Jury Instructions*

We review whether jury instructions were proper without deference to the district court.  *Henry*, 616 F.3d at 146.  We assess whether "the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law."  *Id.*  Where an error is harmless, a new trial is not warranted.  *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013).  If a party did not preserve an objection to a jury charge, we review for plain error.  Fed. R. Civ. P. 51(d).

Hanley argues on appeal that the district court should have instructed the jury that (1) Hammill could be liable for aiding and abetting discrimination; (2) HHC could be liable in addition to Hammill; and (3) SUNY Downstate and HHC are joint employers such that each could be held liable for discrimination by the other.  At trial, Hanley's counsel raised objections on the first two grounds but not the third.

We need not decide whether the court misled the jury as to the scope of aiding and abetting liability or as to HHC's vicarious liability because any potential error was harmless.  The jury found that Hammill had not engaged in

15

discrimination, so it could not in any event have found him to have aided and abetted his own discrimination, and HHC's vicarious liability is irrelevant.

Likewise, we see no plain error in the district court's failure to instruct the jury that the Hospital Defendants could be liable for the conduct of the SUNY Defendants when there is no evidence that SUNY Downstate played any role in the non-renewal of Hanley's privileges, and, as noted above, there was no triable issue as to whether SUNY Downstate discriminated against Hanley.

\* \* \*

For the above reasons, the district court properly granted summary judgment and did not deny Hanley a fair trial.  The district court's judgments are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

16